OPINION
Appellant, Luis Sandoz, complains that Judge Shirley Saffold improvidently granted summary judgment in favor of appellee, Marc Levine, doing business as Ohio Auto Top (hereinafter "Ohio Auto Top") in this wrongful discharge action. We disagree and affirm.
Sandoz worked as a car alarm installer for Ohio Auto Top on Carnegie Avenue in Cleveland, Ohio. On June 28, 1996, Sandoz became involved in a prolonged and heated argument with an Ohio Auto Top customer, Donte Davis, who was an off-duty City of Cleveland Police Officer. Sandoz stated in deposition that during the argument with Davis, Davis threatened to harass him and Ohio Auto Top if Sandoz was not fired. Sandoz states that Ohio Auto Top discharged him because it was afraid of repercussions from Davis and the Cleveland Police Department. Sandoz believes his termination was discriminatory, wrongful, improper and an illegal termination as against public policy.
Sandoz's sole assignment of error reads:
 THE TRIAL COURT ERRED IN SUSTAINING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, WHICH ALLEGED THAT THERE WERE NO GENUINE ISSUES OF MATERIAL FACT, WHICH ARE NECESSARY FOR THE PURPOSE OF TRIAL UNDER OHIO RULES OF CIVIL PROCEDURE 56 (C).
An appellate court's power to review a decision on summary judgment is conducted de novo. Brown v. Scioto Bd. of Commrs.
(1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153, 1158. A court may grant a motion for summary judgment pursuant to Civ.R. 56 when it determines that:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
In his brief, Sandoz admits that his status at Ohio Auto Top was as an employee-at-will who could be discharged at any time. He argues, however, that his discharge was in contravention of public policy. In Greeley v. Miami Valley MaintenanceContractors, Inc. (1990), 39 Ohio St.3d 228, 551 N.E.2d 981, the syllabus reads:
 1. Public policy warrants an exception to the employment-at-will doctrine when an employee is discharged or disciplined for a reason which is prohibited by statute. (R.C. 3113.213[D], construed and applied.)
 2. Henceforth, the right of employers to terminate employment at will for "any cause" no longer includes the discharge of an employee where the discharge is in violation of a statute and thereby contravenes public policy. (Fawcett v. G.C. Murphy Co. [1976], 46 Ohio St.2d 245, 75 O.O.2d 291, 348 N.E.2d 144, modified.)
 3. In Ohio, a cause of action for wrongful discharge in violation of public policy may be brought in tort.
Sandoz argues that the determination of what constitutes public policy is a factual issue to be determined by a jury. We disagree. In Painter v. Graley (1994), 70 Ohio St.3d 377, 384,639 N.E.2d 51, 56, the Ohio Supreme Court held that:
 [A]n exception to the employment-at-will doctrine is justified where an employer has discharged his employee in contravention of a "sufficiently clear public policy." The existence of such a public policy may be discerned by the Ohio judiciary based on sources such as the Constitutions of Ohio and the United States, legislation, administrative rules and regulations, and the common law.
Sandoz's deposition provides that he was in a heated argument with an Ohio Auto Top's customer. Even if Ohio Auto Top discharged Sandoz because it was afraid that it would suffer harassment from Davis as alleged by Sandoz, we cannot find, nor has Sandoz demonstrated, a clearly articulated public policy which would prohibit an employer from discharging an employee-at-will who has engaged in an argument with a customer. The authority relied upon by Sandoz has no factual relationship with his situation. They involve discharge as retaliation for complaining about sexual harassment, filing workers compensation claims and employment contracts requiring just cause for termination.
Accordingly, Sandoz's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, Judge.
KENNETH ROCCO, J., Concur; LEO M. SPELLACY, P.J., Concurs In Judgment Only.